Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq, (NV Barn No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:	702/720-3370
Facsimile:	702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: April 16, 2021*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JOHN ELVIS MAYOL,<br><br>Debtor.| Case No. Case No. BK-S-20-15171-NMC<br>Chapter 7 |
| SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JOHN ELVIS MAYOL, an individual; DOE individuals 1-10; and ROE corporations 1-10,<br><br>Defendants. | Adv. Proc. No.<br><br>**COMPLAINT FOR (1) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(2)(A); (2) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(2)(B); (3) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(3); (4) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(4)(A); (5) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(4)(D); (6) OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(a)(5);  AND (7) TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. 542**<br><br>Judge:  Honorable Natalie M. Cox |

Shelley D. Krohn (alternatively, "Plaintiff" or "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary proceeding, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of

-1-

the Houmand Law Firm, Ltd., hereby files this complaint against John Elvis Mayol (alternatively, "Defendant" or "Debtor"), Doe individuals 1-10, and Roe corporations 1-10 and alleges the following:

### I. JURISDICTIONAL ALLEGATIONS

1. This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.[1]

2. This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 of the Bankruptcy Code and relate to the Bankruptcy Case.

3. Venue is proper under 28 U.S.C. § 1409.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

5. Defendant may be served with process in accordance with FRBP 7004, incorporated by FRCP 4.

6. Pursuant to the *Order Approving Second Stipulation to Extend Deadline to Object to Debtor's Discharge Pursuant to Federal Rule of Bankruptcy Procedure 4004* [ECF No. 53][2] the deadline for Plaintiff to file this objection to discharge was extended up to and including April 19, 2021.

. . .

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada will be referred to as the "Local Rules."

[2] In this Complaint, all references to "ECF No." are to the numbers assigned to the documents filed in the Debtor's main bankruptcy case (case number BK-S-20-15171-NMC) as they appear on the docket maintained by the clerk of the court.

-2-

## II. PARTIES

7. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 6 of the Complaint as though full set forth herein.

8. Plaintiff was appointed as the Chapter 7 Trustee in the above-captioned Bankruptcy Case on October 15, 2020 and has acted in that capacity since her appointment.

9. Upon information and belief, Defendant is an individual currently residing in North Las Vegas, Nevada and a debtor in the Bankruptcy Case.

10. The true names, identities or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

## III. GENERAL ALLEGATIONS COMMON TO ALL DEFENDANTS AND ALL CLAIMS FOR RELIEF

11. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 10 of the Complaint as though full set forth herein.

12. On or about October 15, 2020 (the "Petition Date"), Defendant filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].

13. On the Petition Date, Defendant filed his Schedule A/B, listing, *inter alia*, an interest in a 2019 Chevrolet Silverado and a 2018 Carr 2W Utility Trailer. No other vehicles are listed. Defendant listed two bank accounts, a savings account with "Navy Federal Credit Union #2670 – OPENED 05.2020" and a checking account with "Navy Federal Credit Union #5836 – OPENED 06.2020". No other bank accounts are listed. Defendant asserted that he had no cash on hand. [ECF No. 1] pp. 15-17.

14. On the Petition Date, Defendant filed a Schedule E/F, listings unsecured debts in the total amount of $179,648.00. Defendant listed a domestic support obligation to Janine Cali with a balance as of the petition date as of $0.00. [ECF No. 1] p. 45.

15. On the Petition Date, Defendant filed his Statement of Financial Affairs. Defendant listed his income from operation of a business the prior three years as $16,067.00 for 2020, $105,461.00 in 2019, $138,491.00 in 2018.

16. In response to Question 18 in the Statement of Financial Affairs, the Debtor stated that he did not "sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business of financial affairs" within the two-year period preceding the Petition Date.

17. With regard to financial accounts closed the year before the petition date, the Debtor disclosed only a bank account held at J.P. Morgan Chase that was closed on or about January 1, 2020. [ECF No. 1] p. 53-59.

18. On October 15, 2020, Plaintiff was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 7].

19. On November 18, 2020, Plaintiff continued the 341(a) meeting of creditors to December 16, 2020 [ECF No. 16].

20. On December 8, 2020, Defendant filed an amended Schedule E/F, listing unsecured debts in the total amount of $147,239.00 [ECF No. 18].

21. On December 16, 2020, Plaintiff continued the 341(a) meeting of creditors to January 22, 2021 [ECF No. 18].

22. In connection with Defendant's 341(a) meeting of creditors, Plaintiff requested certain documents from Defendant, including:

    a. A copy of the Bankruptcy Questionnaire.

    b. A copy of a domestic support order.

    c. A copy of the Debtor's credit report.

    d. A list showing amounts of credit card repayments going back one year from the petition date for any payment over $600.00.

-4-

   e. A profit and loss for the Debtor's current business, broken down by month, with expenses itemized.

   f. A list of vehicles, quads, motorcycles, etc., sold by the Debtor in the one-year preceding the Petition Date.

   g. The Debtor's records from Facebook Market and Offerup in the one-year preceding the Petition Date.

   h. The Debtor's records from Zelle, Venmo, and PayPal in the one-year period preceding the Petition Date.

   i. The Documents from the purchase of the Debtor's house, particularly those evidencing the down-payment.

   j. The bank statements which evidence the amount and payment of the down-payment of the house.

   k. A current mortgage statement.

23. In response to Plaintiff's request, Defendant provided a profit and loss statement (the "Profit and Loss"). Contrary to Plaintiff's request, the Profit and Loss is not itemized and provides no documentary support for the income and expenses claimed.

24. In response to Plaintiff's request, Defendant provided a copy of his Bankruptcy Questionnaire (the "Questionnaire"). Within the Questionnaire, Defendant asserted, *inter alia*, that he had not transferred, sold, or given anything away in the prior twelve months. Defendant also asserted that he had not rearranged his financial affairs in preparation for the filing of the Bankruptcy.

25. In addition to Documents requested by Plaintiff, Defendant also provided a written Declaration (the "First Declaration") which purported to explain the absence of certain documents requested by Plaintiff.

26. The First Declaration States "Regarding the list of vehicles, quads, motorcycles, etc. sold by Defendant in the last year: *I have not sold any vehicles, quads, or motorcycles in the last year* so there is no list to provide" (emphasis added).

. . .

-5-

27. The First Declaration also states that Defendant's prior business, Extreme Power Sports, LLC ("EPS") ceased operation in 2018. Defendant provided a statement of dissolution showing that EPS had been officially dissolved on or about August 27, 2018 (the "Dissolution Date").

28. On or about January 22, 2021, Defendant attended his continued 341(a) Meeting of Creditors (the "Continued 341").

29. Upon information and belief, at the Continued 341, Defendant testified, *inter alia*, that he had reviewed his statements and schedules prior to their filing, as well as any amendments, and that the schedules, statements, and amendments were truthful and accurate to the best of his knowledge.

30. Upon information and belief, at the Continued 341, Defendant testified, *inter alia*, that he had not sold any vehicles since 2019.

31. Upon information and belief, at the Continued 341, Defendant was questioned regarding a significant reduction in the principal balance of his mortgage prior to filing bankruptcy. Defendant provided only evasive answers, refusing to state anything other than he made extra payments to the mortgage.

32. Defendant testified that he could not recall the amount of any extra payment made to his mortgage.

33. Upon information and belief, at the Continued 341, Defendant was questioned regarding the disparity between the income reported in his bankruptcy schedules and statements signed under penalty of perjury and filed in Eighth Judicial District, Clark County Nevada, Case number D-19-597365-O, contemporaneous with the bankruptcy filing. Defendant was unable to provide a satisfactory answer for the disparity.

34. Upon information and belief, at the Continued 341, Defendant was questioned regarding credit accounts opened within the two-years period preceding the Petition Date with large balances. Defendant was unable to provide substantive answers regarding how these charges were incurred.

. . .

35. Upon information and belief, at the Continued 341, Defendant was questioned regarding a refund of $4,870.34 received via Paypal on or about April 16, 2020. Defendant was unable to account for these funds.

36. Upon information and belief, at the Continued 341, Defendant was questioned as to whether he was current on his domestic support obligation at the time of the bankruptcy filing. Defendant testified that he was not current on his domestic support obligation, contrary to the assertion on his filed Schedule E/F.

37. Upon information and belief, at the Continued 341, Defendant was questioned as to whether he had sold any vehicles on social media platforms known as "Offerup" and Facebook. Defendant testified that he had not sold any vehicles since 2019.

38. On January 22, 2021, Plaintiff concluded Defendant's 341(a) meeting of creditors [ECF No. 39].

39. Upon information and belief, on or about January 25, 2021, Plaintiff, through counsel, made a final document request from the Debtor. The documents requested by the Trustee included the following: (a) complete banking records for the one-year preceding the Petition Date; (b) statements for the Debtor's Venmo Account; (c) a profit and loss statement for 2019; and (d) statements for certain credit accounts of the Debtor, including: Citibank Card – Acct – 2315 - Opened March 2020, Citibank Card – Acct – 4983 - Opened May 2019, GM Financial – Acct 7557 - Opened August 2019, JP Morgan Chase Card – Opened January 1, 2019 (collectively, the "Credit Accounts").

40. Upon information and belief, on or about February 2, 2021, Defendant provided a subsequent declaration (the "Second Declaration").

41. Upon information and belief, within the Second Declaration, Defendant admitted that he did sell motorcycles in the year prior to bankruptcy, contrary to his prior statements. Defendant alleges, however, that he only sold motorcycles for other people.

42. Upon information and belief, within the Second Declaration, Defendant disclosed that he made large payments towards his mortgage in June and July 2019 of $8,002.00 and $63,059.00 respectively.

43. In the Second Declaration, Defendant asserts that the funds originated from the liquidation of a previously undisclosed certificate of deposit.

44. Upon information and belief, after the Continued 341, Defendant also disclosed that on the Petition Date, he had a previously undisclosed pre-paid debit card with Greendot.

45. Upon information and belief, Defendant did not provide statements for his Venmo Account, a profit and loss record for 2019, or statements for the Credit Accounts.

46. Upon information and belief, Defendant informed Plaintiff that he had no further documents to provide that would be responsive to her document requests.

47. On or about January 25, 2021, Plaintiff filed an *Ex Parte Motion for 2004 Examination of the Person Most Knowledgeable of Loancare, LLC Pursuant to Federal Rule of Bankruptcy Procedure 2004* [ECF No. 40].

48. On or about January 25, 2021, the Court entered an *Order Granting Ex Parte Motion for 2004 Examination of the Person Most Knowledgeable of Loancare, LLC Pursuant to Federal Rule of Bankruptcy Procedure 2004* [ECF No. 42].

49. On or about January 25, 2021, Plaintiff filed a *Notice of Subpoena Pursuant To Federal Rule Of Bankruptcy Procedure 9016 And Federal Rule Of Civil Procedure 45 On The Person Most Knowledgeable Of Loancare LLC*, that provided notice of a subpoena for the production of documents to be served upon Loancare, LLC [ECF No. 46] (the "Loancare Subpoena").

50. On or about February 9, 2021, Plaintiff filed a *Notice of Subpoena of the Person Most Knowledgeable of Citibank, N.A.* that provided notice of a subpoena for the production of documents to be served upon Citibank, N.A. [ECF No. 55] (the "Citibank Subpoena").

51. On or about February 9, 2021, Plaintiff filed a *Notice of Subpoena of the Person Most Knowledgeable of JP Morgan Chase Bank, N.A.* that provided notice of a subpoena for the production of documents to be served upon JP Morgan Chase Bank, N.A. [ECF No. 57] (the "Chase Subpoena").

52. On or about February 23, 2021, Plaintiff filed a *Notice of Subpoena Issued Pursuant to Federal Rule of Bankruptcy Procedure 9016, Federal Rule of Civil Procedure 45,*

*and Local Rule 9016(b) of the Person Most Knowledgeable of Navy Federal Credit Union* providing notice of a subpoena for the production of documents to be served upon Navy Federal Credit Union [ECF No. 63] (the "NFCU Subpoena").

53. Upon information and belief, based upon documents provided in response to the NFCU Subpoena, Plaintiff discovered that the Debtor had deposits into his NFCU accounts exceeding $200,000.00 during 2019.

54. Upon information and belief, based upon documents provided in response to the NFCU Subpoena, Plaintiff was able to identify previously undisclosed bank accounts held by Defendant.

55. Upon information and belief, Defendant previously held a checking account with Navy Federal Credit Union ("NFCU"), ending in 4199 (the "4199 Account").

56. Upon information and belief, Defendant previously held a checking account with NFCU ending in 9800 (the "9800 Account").

57. Upon information and belief, on or about January 21, 2020 Defendant made a withdrawal by wire from the 9800 account of $12,078.23 (the "First Withdrawal").

58. Upon information and belief, Defendant did not disclose the First Withdrawal and has not accounted for the funds.

59. Upon information and belief, on or about March 18, 2020, Defendant made a deposit in the 9800 Account in the amount of $19,500.00 (the "First Deposit")

60. Upon information and belief, Defendant did not disclose the First Deposit and has not explained the source of the funds.

61. Upon information and belief, in and around June 2019, Defendant deposited approximately $65,000.00 in the 4199 Account (the "Second Deposit")

62. Upon information and belief, Defendant did not disclose the Second Deposit and has not explained the source of the funds.

63. Upon information and belief, in and around June 2019, Defendant withdrew approximately $68,000.00 in cash from the 4199 Account (the "Second Withdrawal").

. . .

64. Upon information and belief, Defendant did not disclose the Second Withdrawal and has not accounted for the funds.

65. Upon information and belief, during the course of her investigation of Defendant's finances, Plaintiff identified various cash advances taken by Defendant in the months preceding the petition date.

66. Upon information and belief, on or about June 18, 2020, Defendant took a cash advance in the amount of $4,500.00 from the NFCU credit card, account ending in 0957.

67. Upon information and belief, on or about June 18, 2020, Defendant took an $8,000.00 cash advance on his NFCU credit card, account ending in 2557.

68. Upon information and belief, Defendant made the above referenced cash advances without the intent to repay them.

69. Upon information and belief, Defendant did not disclose the above referenced cash advances, and has not accounted for the funds received.

70. Upon information and belief, during her investigation of Defendant's finances, Plaintiff discovered multiple sham transactions made by Defendant for the purposes of defrauding creditors.

71. On information and belief, "Johnny Moto" is Defendant's alter ego, and Defendant sells goods and/or services on social media platforms under this alter ego.

72. On information and belief, Defendant engaged in a series of sham transactions, wherein his alter ego Johnny Moto charged Defendant's credit card for a non-existent sale. Defendant, under the account of Johnny Moto, would charge his credit cards for an amount just below the limit on his credit account. Defendant would then transfer the money received by Johnny Moto from his alter ego's account to his personal account.

73. Upon information and belief, on or about April 7, 2020, Defendant opened a new Citibank credit account, account ending in 2315.

74. Upon information and belief, on or about June 3, 2020, Defendant made a $4,000.00 purchase from Johnny Moto with the Citibank credit account ending in 2315.

. . .

-10-

75. Upon information and belief, on or about June 8, 2020, Defendant made a payment of $6,500.00 to his Citibank credit account ending in 2315. Then, on or about June 9, 2020, Defendant made a $6,400.00 purchase from "Johnny Moto" with the Citibank credit account ending in 2315.

76. Upon information and belief, Defendant held a Citibank credit card account ending in 1180. After maintaining a zero balance on the account for several months, on or about June 3, 2020 Defendant made an $8,000.00 purchase with "Johnny Moto."

77. Upon information and belief, Defendant held a Citibank credit card account ending in 4983. On or about June 3, 2020 Defendant made an $9,400.00 purchase from "Johnny Moto." On or about June 8, 2020, Defendant made a payment of $11,500.00 on the account. Then on or about June 8, 2020, Defendant made another $11,500.00 purchase from "Johnny Moto."

78. Upon information and belief, Defendant made the above referenced sham purchases from Johnny Moto with intent to harass, hinder, or defraud his creditors.

79. Upon information and belief, Defendant made the above referenced sham purchases from Johnny Moto without the intention to repay these funds.

80. Upon information and belief, during the course of her investigation of Defendant's finances, Plaintiff discovered additional payments made to Defendant's mortgage, for the purpose of increasing the equity in Defendant's home to shield assets from a planned bankruptcy filing.

81. Upon information and belief, on or about June 25, 2019, Defendant made an additional principal payment of $6,063.51 to his mortgage company.

82. Upon information and belief, on or about July 19, 2019, Defendant made an additional principal payment of $61,120.51 to his mortgage company.

83. Upon information and belief, Defendant made the additional payments to his mortgage principal in order to convert non-exempt funds into an exempt asset, with the intent to harass, hinder, or delay his creditors.

. . .

. . .

. . .

-11-

## IV.     FIRST CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Defendant's Transfer and or Concealment of Assets Pursuant to 11 U.S.C. § 727(a)(2)(A) Against Defendant)**

84. Plaintiff incorporates and realleges paragraphs 1 through 83, as though fully set forth herein.

85. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(2)(A).

86. Defendant has transferred, removed, destroyed, mutilated, or concealed property of Defendant within one year before the filing of Defendant's bankruptcy petition.

87. Specifically, Defendant transferred motor vehicles to third parties in exchange for cash.

88. Additionally, the Debtor transferred and concealed the funds from the First Withdrawal and Second Withdrawal.

89. These actions were taken with the intent to hinder, delay, or defraud Plaintiff in her administration of Defendant's bankruptcy estate.

90. Plaintiff has been damaged by the actions of Defendant in an amount to be determined by this Court.

## V.     SECOND CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Defendant's Transfer of Assets Pursuant to 11 U.S.C. § 727(a)(2)(B) Against Defendant)**

91. Plaintiff incorporates and realleges paragraphs 1 through 90, as though fully set forth herein.

92. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(2)(B).

93. Defendant has transferred, removed, destroyed, mutilated, or concealed property of Defendant's bankruptcy estate after the filing of the petition.

94. Specifically, Defendant transferred motor vehicles which were property of the estate to third parties in exchange for cash.

95. These actions were takes with the intent to hinder, delay, or defraud Plaintiff in her administration of Defendant's bankruptcy estate.

96. Plaintiff has been damaged by the actions of Defendant in an amount to be determined by this Court.

## VI.   THIRD CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Defendant's Concealment, Mutilation, Falsification, or Failure to Keep and Maintain Records Pursuant to 11 U.S.C. § 727(a)(3) Against Defendant)**

97. Plaintiff incorporates and realleges paragraphs 1 through 96, as though fully set forth herein.

98. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(3).

99. Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information pertaining to their financial condition or business transactions, including books, documents, records and papers from which Defendant's financial condition or business transactions might be ascertained.

100. Plaintiff has been damaged by the actions of Defendant in an amount to be determined by this Court.

## VII.   FOURTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Defendant's Knowing and Fraudulent False Oath and/or Account Made In Connection with Bankruptcy Case Pursuant to 11 U.S.C. § 727(a)(4)(A) Against Defendant)**

101. Plaintiff incorporates and realleges paragraphs 1 through 100, as though fully set forth herein.

102. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(A).

103. Defendant is not entitled to a discharge because Defendant knowingly and fraudulently made false oaths and accounts in connection with his bankruptcy statements and schedules, in his 341(a) testimony, and in declarations submitted to Plaintiff signed under penalty of perjury.

. . .

104. The false oaths and accounts related to material facts in the bankruptcy proceeding.

105. The false oaths and accounts, among other things, prevented Plaintiff from discovering assets of Defendant that could be used to satisfy his creditors.

106. Plaintiff has been damaged by the actions of Defendant in an amount to be determined by this Court.

## VIII. FIFTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Defendant's Withholding of Books, Documents, Records, and Papers Relating to Defendant's Property and Financial Affairs Pursuant to 11 U.S.C. § 727(a)(4)(D) Against Defendant)**

107. Plaintiff incorporates and realleges paragraphs 1 through 106, as though fully set forth herein.

108. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(D).

109. Plaintiff is an officer of Defendant's bankruptcy estate and is entitled to possession of information relating to Defendant's property and financial affairs, including books, documents, records, and papers.

110. Defendant has willfully withheld from Plaintiff books, documents, records, and papers relating to Defendant's property of financial affairs.

111. Plaintiff has been damaged by the actions of Defendant in an amount to be determined by this Court.

## IX. SIXTH CLAIM FOR RELIEF

**(Objection to Discharge Based Upon Debtor's Failure to Explain the Loss or Deficiency of Assets Pursuant to 11 U.S.C. § 727(a)(5) Against Defendant)**

112. Plaintiff incorporates and realleges paragraphs 1 through 111, as though fully set forth herein.

113. Plaintiff objects to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(5).

114. Defendant has failed to explain satisfactorily, before the determination of the denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

. . .

115. Defendant has failed to explain satisfactorily how he incurred over one hundred thousand dollars in credit card debt during the course of a year, while at the same time bank records show deposits in excess of two hundred thousand dollars.

116. The Debtor has failed to explain the disposition of the First Withdrawal and the Second Withdrawal and has failed to account for these funds.

117. Plaintiff reserves the right to supplement this Complaint to plead additional objections to Defendant's discharge.

### X.    SEVENTH CLAIM FOR RELIEF

**(Turnover of Estate Property Pursuant to 11 U.S.C. § 542 Against Defendant)**

118. Plaintiff incorporates and realleges paragraphs 1 through 117, as though fully set forth herein.

119. Defendant is in possession, custody, or control or property of the bankruptcy estate that Plaintiff may use, sell, or lease under 11 U.S.C. §363.

120. Plaintiff seeks an order requiring Defendant to turn over the funds from the First Withdrawal and the Second Withdrawal pursuant to 11 U.S.C. § 542.

121. It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs from Defendant.

122. Plaintiff reserves the right to supplement this Complaint to plead additional claims for relief.

WHEREFORE, Plaintiff prays for relief as follows:

1. With respect to the first claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

2. With respect to the second claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(2)(B)

3. With respect to the third claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(3).

4. With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

5. With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

6. With respect to the sixth claim for relief, Plaintiff respectfully requests that the Court determine that Defendant is ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(5).

7. With respect to the seventh claim for relief, Plaintiff respectfully requests that the Court order Defendant to turnover to the bankruptcy estate the funds from the First Withdrawal and the Second Withdrawal.

8. For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

9. For such other relief as this Court may deem just and proper.

Dated this 16th Day of April, 2021.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Bradley G. Sims, Esq.*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq, (NV Barn No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:  702/720-3370
Facsimile:   702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*